RECEIVED
JUL 12 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERTA A. CROUCHER, ET AL | CIVIL ACTION NO. 1:16-0082 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| BELL HELICOPTER TEXTRON INC, ET AL | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Plaintiffs' Appeal of Magistrate Judge Kay's Memorandum Ruling (Doc. 28) and Request for Oral Argument" (R. #32) wherein the mover seeks to set aside the ruling of the Magistrate Judge and have the instant suit remanded to state court. Plaintiffs assert that there is no federal question and therefore no basis for this case to be removed to federal court. Plaintiffs further assert in the alternative that the removal was untimely. Following copious briefing and extensive oral arguments, the court has determined that the pivotal issue is narrowed to whether or not a notice of removal was timely. The factual background in this case is set forth in detail in the Magistrate Judge's Memorandum Ruling date March 24, 2016.[1]

For purposes of this ruling, the court will accept Magistrate Judge Kay's analysis of federal question jurisdiction under 28 U.S.C. § 1331 without specifically adopting her conclusion. The time to move to remove begins when removability becomes "unequivocally clear and certain." Defendants have thirty days from then to file their notice for removal.[2] Documents, known as "other paper", in addition to the complaint may be determined to trigger the removal timeline.[3]

---

[1] R. #28.
[2] Bosky v. Kroger Texas, LP, 288 F.3d 208,211 (5th Cir. 2002).
[3] Eggert v. Britton, 223 F.d App'x 394, 397-98 (5 th Cir 2007) (unpublished).

1

In deciding that the removal was timely, the Magistrate Judge considered only the allegations of the original complaint filed March 12, 2014, the second amended complaint filed November 4, 2015 and the motion to compel filed December 21, 2015. Sikorsky filed its notice of removal on January 19, 2016.

In supplemental briefing following arguments on June 16, 2016, it was brought to the attention of this court that on September 4, 2015, plaintiffs filed numerous requests for production directed to Sikorsky. Request number 79 requested that Sikorsky execute an "authorization for release of business or trade information documents under exemption 4 to the Freedom of Information Act (5 U.S.C. § 552) (b)(4)." This document would authorize the FAA and NTSB to disclose or release documents described in the authorization. On September 21, 2015, Sikorsky objected to request number 79 on the basis that, if signed, would permit the United States to produce documents disclosed by Sikorsky over a period of thirty or more years pertaining to the design and manufacture of a helicopter which Sikorsky argued, were provided in good faith and on a confidential basis. This clearly shows that Sikorsky received the request and was aware of the documents and information that the plaintiffs were seeking in furtherance of their claims, and that they were seeking this information from the federal governmental agencies, NTSB and FAA.

Magistrate Judge Kay may not have been apprised of this particular request, because she made no reference to it in her well-reasoned opinion. The defendants adamantly maintain that implication of federal law was not clear and certain until plaintiffs filed a motion to compel in state court seeking to require Sikorsky's authorization for the identical information that plaintiffs

sought in request for production number 79, and that therefore the thirty day limitation period would have begun on or about December 21, 2015, making removal timely as of January 19, 2016.

The essence of Sikorsky's argument is that somehow the attempt to compel it to act favorably upon plaintiffs' production request made clear and unequivocal what was not clear and unequivocal in the request itself. Assuming without deciding that discovery involving responses by federal governmental agencies would satisfy federal question jurisdiction, this court cannot agree that the motion to compel made the assumed federal question any more clear and unequivocal than it was in the form of a simple request for production. Therefore, it is the holding of this court that the time of removal commenced by not later than September 19, 2015, when Sikorsky clearly was aware of what the plaintiffs were seeking.

The court hereby rejects that portion of the report and recommendation which concluded that the notice of removal was timely and will order that this matter be remanded to state court for all further proceedings. The plaintiffs seek to require that the defendants pay costs and attorney fees associated with the removal. While the court, for the foregoing reasons, will remand this case to the state court, the court, because of the legal issues involved as demonstrated by the briefs and arguments, as well as the contrary opinion of the Magistrate Judge, does not find that the defendants "lacked an objectively reasonable basis for seeking removal" and will not award attorney fees. The court will, however, require the defendants to pay court costs associated with the attempted removal.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 12th day of July, 2016.

_____
**JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE**